UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:04-cr-00119 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| LAWRENCE JAY BROWN, ) | [Re:   Petition at Docket 31] |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MATTER PRESENTED

At docket 31, the government petitions to modify defendant Lawrence Brown's conditions of supervision, requiring him to complete a residential sex-offender treatment program, or in the alternative, to attend an outpatient treatment program because no residential sex offender treatment program is available in Alaska.  At docket 38, Mr. Brown filed a brief opposing continued supervised release.  At docket 39, the government filed its brief supporting continued supervised release.  The issue of whether Mr. Brown has completed his term of supervised release is ripe for the court's review.

## II.  BACKGROUND

On December 9, 2004, Lawrence Brown pleaded guilty to and was convicted of three courts of attempt to transfer obscene material to a minor in violation of 18 U.S.C. § 1470.  On February 18, 2005, Mr. Brown was sentenced to 30 months imprisonment and three years supervised release.  The special conditions of supervision required in

part that Mr. Brown "participate in and fully comply with the recommendations of a sex offender treatment program assessment/evaluation approved by the United States Probation Office to include the successful completion of any recommended treatment." Mr. Brown was incarcerated in Victorville Federal Correctional Institution ("FCI") in California. Mr. Brown's good conduct time release date was January 31, 2007.[1]

On January 30, 2007, one day before Mr. Brown's term of imprisonment expired, the government filed a "Certification of a Sexually Dangerous Person" against Brown pursuant to 18 U.S.C. § 4248(a). The certification contained the assertion of the Interim Chairperson of the Federal Bureau of Prisons ("BOP") Certification Review Panel that Mr. Brown "is a sexually dangerous person as defined by 18 U.S.C. § 4247(a)(5), and sexually dangerous to others as defined by 18 U.S.C. § 4247(a)(6)."[2] The certification was based on information found in BOP records, including Brown's prior conviction for sexual abuse of a minor in the second degree in the late 1980's and his conviction for second degree rape in 1978.[3] At some point, Mr. Brown was transferred to FCI Butner in North Carolina, which has a treatment program for sex offenders. It is not clear from the record whether Mr. Brown was provided any sex offender or other treatment during his detention pending civil commitment proceedings. Mr. Brown did not have a hearing on the certification during the 46 months he was in BOP custody after the expiration of his sentence.

In June 2010, Mr. Brown filed a motion to dismiss the 18 U.S.C. § 4248 civil commitment proceeding. In a supplemental memorandum in support of his motion, Brown challenged the constitutionality of the § 4248 certification and the consequences of that certification on his term of supervised release.[4] On December 13, 2010, the government and Mr. Brown's counsel signed and filed a stipulation of dismissal with prejudice in which the government agreed to dismiss the civil commitment proceedings

---

[1] Doc. 38-1 at p. 3.

[2] *Id.* at p. 3.

[3] *Id.* at pp. 3-4.

[4] Doc. 39-2.

-2-

Case 3:04-cr-00119-JWS   Document 41   Filed 05/12/11   Page 2 of 10

against Brown pursuant to § 4248(a) and release him from custody, and Brown agreed to dismiss his petition for habeas corpus under 18 U.S.C. § 2241. The stipulation further provided that Mr. Brown's term of supervised release "will be deemed to have begun as of the date of his actual release from custody."[5] The United States District Court for the Eastern District of North Carolina entered an order dismissing with prejudice the § 4248 action against Brown on December 13, 2010.

After his release, Mr. Brown returned to Alaska. On February 17, 2011, at the request of the Probation Office, Mr. Brown underwent a sex-offender evaluation which recommended that he participate in a residential treatment program.[6] The government requests the court to modify Mr. Brown's conditions of supervision to require defendant to complete a residential sex-offender treatment program. Mr. Brown contends that he has completed his 36-month term of supervised release. If this court determines that Brown's term of supervised release was tolled by the § 4248 proceedings, Mr. Brown requests "a second independent treatment evaluation before he is required to move away from his family and community support in Alaska."[7]

## IV. DISCUSSION

At issue is whether Mr. Brown's post-sentence detention pursuant to a "certification of sexually dangerous person" filed under 18 U.S.C. § 4248 operated to toll his term of supervised release under 18 U.S.C. § 3642(e), which provides for tolling during a period in which the person is imprisoned in connection with a conviction. Mr. Brown argues that he "completed his term of supervised release while under pretrial detention pursuant to a civil commitment petition" under § 4248(a) because detention pursuant to § 4248 does not constitute imprisonment as contemplated in § 3624(e). In support, Mr. Brown cites *United States v. Morales-Alejo*,[8] where the Ninth Circuit held that "'pretrial detention does not constitute an 'imprisonment' within the meaning of

---

[5]*Id.*

[6]Doc. 31 at p. 2.

[7]Doc. 38 at p. 1.

[8]193 F.3d 1102 (9th Cir. 1999).

-3-

§ 3624(e) and thus does not operate to toll a term of supervised release."[9] Mr. Brown also cites *United States v. Sullivan*,[10] where the Ninth Circuit concluded that a defendant's supervised release term was not tolled while in a pre-release center because detention in a pre-release center was not an "imprisonment" under § 3624(e).[11]

The government argues that Brown's term of "supervised release was tolled until his release from [BOP's] custody."[12] The government acknowledges that Mr. Brown's term of imprisonment expired on January 31, 2007, but argues that his term of supervised release did not commence while he was in BOP custody under § 4248 because he had not been "released from imprisonment" within the meaning of § 3624(e).[13] In support, the government cites *United States v. Johnson*.[14] In *Johnson*, the defendant's sentence was reduced to a term less than that already served after two of the defendant's convictions were vacated. The defendant moved for a reduction of his supervised release term by the amount of time he served on the vacated convictions. The Supreme Court concluded that § 3624(e), "by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison."[15] In so concluding, the Supreme Court reasoned that § 3624(e) "directs that a supervised release term does not commence until an individual 'is released from imprisonment.'"[16]

---

[9] *Morales-Alejo*, 193 F.3d at 1106. *See also, United States v. Garrett*, 253 F.3d 443, 446 (9th Cir. 2001).

[10] 504 F.3d 969 (9th Cir. 2007).

[11] *Sullivan*, 504 F.3d at 971-72.

[12] Doc. 39 at p. 4.

[13] *Id.* at p. 6.

[14] 529 U.S. 53 (2000).

[15] *Johnson*, 529 U.S. at 60.

[16] *Id.* at 57.

There is no controlling authority on whether a term of supervised release is tolled under § 3264(e) while a defendant is detained pursuant to a certification filed by the government under § 4248. "In construing a statue as a matter of first impression, we first look to the statutory language: 'The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter.'"[17]

The first relevant statutory provisions are those involving supervised release. "[I]n imposing a sentence to a term of imprisonment for a felony or misdemeanor, [the court] may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."[18] Pursuant to 18 U.S.C. § 3624(a), "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)." Section 3624(e) further provides in pertinent part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.[19]

The other relevant statute is 18 U.S.C. § 4248, which provides for the civil commitment of "sexually dangerous persons." Section 4248(a) provides:

> In relation to a person who is in the custody of the Bureau of Prisons, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person, the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit that certificate to the clerk of the court for the district in which the person is

---

[17]United States v. Morales-Alejo, 193 F.3d 1102, 1105 (9th Cir. 1999) (quoting Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993)).

[18]18 U.S.C. § 3583.

[19]18 U.S.C. § 3624(e).

confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

The issue of tolling of supervised release is governed by § 3624(e), which provides in relevant part that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."[20] "Section 3624(e) focuses the [court's] attention on the words 'imprisonment' and 'imprisoned' to describe the type of confinement that controls commencement and tolling of supervised release time."[21] As such, the question is whether Mr. Brown's detention pending civil commitment proceedings under § 4248(a) constitutes imprisonment within the meaning of § 3624(e).[22]

Like the Ninth Circuit in *Morales-Alejo*, this court concludes that Congress's intent is apparent from the language of § 3624(e), which provides for tolling when a person is "imprisoned in connection with a conviction."[23] "A plain reading of this language suggests that there must be an imprisonment resulting from or otherwise triggered by a criminal conviction."[24] Like pretrial detention, detention pursuant to § 4648(a) pending civil commitment proceedings after a defendant's term of imprisonment has expired does not fit this definition.[25] Just as a person in pretrial detention is not "imprisoned" in connection with a conviction, a person detained

---

[20]*Morales-Alejo*, 193 F.3d at 1105.

[21]*Sullivan*, 504 F.3d at 971.

[22]*Morales-Alejo*, 193 F.3d at 1104.

[23]*Id.* at 1105 (quoting 18 U.S.C. § 3624(e)).

[24]*Id.*

[25]*Id.*

-6-

pursuant to § 4248 pending the outcome of a civil commitment hearing is not "imprisoned" in connection with a conviction.

Had Congress intended the issuance of a certificate under § 4248 to toll the running of a term of supervised release it could have included language in § 3624(e) that explicitly stated that a term of supervised release "does not run during the pendency of civil commitment proceedings under 18 U.S.C. 4248(a)." Congress also could have included language in § 4248 explicitly stating that a certificate filed under § 4248(a) tolls a person's term of supervised release pending completion of civil commitment procedures. Congress did neither when it adopted § 4248.

The government cites *Johnson* for the proposition that supervised release does not run while an individual remains in the custody of the Bureau of Prisons. However, *Johnson* does not address detention under § 4248(a), and is factually distinguishable because it dealt with a defendant who was "imprisoned in connection with a conviction" when he served extra time after two convictions were vacated. Here, Mr. Brown was in BOP custody pursuant to civil commitment proceedings under § 4248(a), not in connection with a conviction.

The government explicitly acknowledges that "[b]ecause Brown's term of imprisonment expired, his federal detention was under the authority of Section 4248(a)."[26] The government further asserts that Mr. Brown's detention under § 4248(a) after his term of imprisonment expired "was 'no longer penal in nature,' because detention under Section 4248 is civil and not punitive."[27] The United States Supreme Court has also recognized the civil nature of proceedings under § 4248. In *United States v. Comstock*,[28] the Supreme Court held that Congress had the power to enact § 4248 under the Constitution's Necessary and Proper Clause in part because § 4248 "constitutes a modest addition to a set of federal prison-related mental-health statutes that have existed for many decades" and have "authorized the postsentence detention

---

[26] Doc. 39 at p. 5.

[27] *Id.*

[28] ___ U.S. ___, 130 S. Ct. 1949 (2010).

Case 3:04-cr-00119-JWS   Document 41   Filed 05/12/11   Page 7 of 10

of federal prisoners who suffer from a mental illness and who are thereby dangerous (whether sexually or otherwise)."[29] A postsentence detention under a mental health statute does not constitute imprisonment as contemplated by federal criminal statutes, particularly § 3624(e).[30]

The government next cites an advisory letter on this issue to Mr. Brown's former counsel, in which Assistant General Counsel Joe Gergits, Administrative Office of the United States Courts, opined that "§ 3624(e) does not toll supervised release when an offender is civilly committed under § 4248" because civil commitment does not constitute imprisonment. Mr. Gergits further opined, however, that if BOP files a certificate under § 4248 on the eve before a defendant's term of imprisonment expires, supervised release cannot begin because the defendant has not been "released from imprisonment."[31] The Assistant General Counsel's opinion, which is not controlling, is also not persuasive because it conflates the meaning of "release" from the custody of BOP or the Attorney General under § 4248(a) with "release from imprisonment" under § 3624(e).

Section 4248(a) allows the government to stay the release of three categories of individuals after certifying them as "sexually dangerous": 1) "a person who is in the custody of the Bureau of Prisons," 2) a person "who has been committed to the custody of the Attorney General; pursuant to section 4241(d)," which authorizes limited civil commitment of a person found not competent to stand trial, and 3) a person "against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person." As such, § 4248(a) stays the release of a person from the custody of BOP or the Attorney General pending completion of civil commitment procedures in § 4248. Staying a person's "release" from the custody of BOP or the Attorney General under § 4248(a) is distinct from staying a person's "release from

---

[29] *Comstock*, 130 S. Ct. at 1961.

[30] *Morales-Alejo*, 193 F.3d at 1105 ("The term 'imprisonment' consistently is used to refer to a penalty or sentence.")

[31] Doc. 38-4 at pp. 2-3.

-8-

imprisonment" under § 3624(e).[32] Moreover, construing § 4248(a) as staying a person's release from imprisonment in effect allows the government's filing of a certificate under § 4248(a) to increase a person's term of imprisonment, thus modifying a court-ordered criminal judgment, a judgment which only the court of imposition has the power to modify.[33]

For the above reasons, the court concludes that Mr. Brown's 46-month detention under § 4248(a) after his sentence expired does not amount to imprisonment "in connection with a conviction" under the meaning of § 3624(e). Accordingly, Brown's term of supervised release was not tolled during the 46 months he remained in BOP custody after his sentence expired, and his term of supervised release ended on January 31, 2010.

In the alternative, the government argues that Mr. Brown "knowingly and willingly waived any challenges to supervised release" because he gave his counsel authority to sign a stipulation which stated in part that "[t]he term of his supervised release will be deemed to have begun as of the date of his actual release from custody."[34] The government contends that "[a]lthough Brown did not sign the stipulation, he understood that he would 'be released forthwith upon the signing of this stipulation by all parties.'"[35] The government's argument is unavailing. Because Mr. Brown's term of supervised release had expired by the time he entered the stipulation with the government on December 13, 2010, he could not have stipulated to an additional three-year term of supervised release, which was not part of his original sentence.

Even if one were to posit that Mr. Brown and the government by agreement somehow had the power to create a new date for the commencement of supervised

---

[32]*But see United States v. Bolander,* 2010 WL 5342202 (S.D. Cal. Dec. 21, 2010); *United States v. Combe*, 2011 WL 976892 (D.Utah March 18, 2011).

[33]*Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464-65 (1936) ("The only sentence known to the law is the sentence of judgment entered upon the records of the court.")

[34]Doc. 39 at p. 4 (quoting Doc. 38-3 at p. 1).

[35]*Id.*

-9-

release, the government's position would still be untenable. This is because Mr. Brown's agreement to dismiss his habeas corpus petition and to acquiesce in a term of supervised release in exchange for the government's dismissal of the civil commitment proceeding cannot reasonably be considered a voluntary act. Brown's "agreement" was the only way he could extricate himself from continued (and seemingly endless) confinement.

## V. CONCLUSION

For the reasons set out above, the court concludes that Mr. Brown's term of supervised release expired on January 31, 2010. Accordingly, the government's petition at docket 31 to modify conditions of supervision is **DENIED**. Mr. Brown is no longer subject to supervision.

DATED at Anchorage, Alaska, this 12th day of May 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE